UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____

KIOK CHON Individually and On
Behalf of All Others Similarly Situated,

                                Plaintiff,

      -against-

CITIBANK, N.A.,

                              Defendant.
_____

Civil Case No.

## CLASS ACTION COMPLAINT

Plaintiff, KIOK CHON, by and through her attorneys, BLAU LEONARD LAW GROUP LLC, in her individual capacity and on behalf of all others similarly situated, makes the following allegations upon personal knowledge and upon information and belief as to all other matters, as follows:

### NATURE OF THE CASE

1. This action seeks to redress the systematic failure by CITIBANK to timely present to the County Clerks of New York State, proof that mortgages have been satisfied within the time demanded by New York Real Property Law ("RPL") §275 and New York Real Property Actions and Proceedings Law ("RPAPL") §1921.

2. Plaintiff seeks the following relief for herself and the Class, (a) the statutory damages permitted by RPL §275 and RPAPL §1921; (b) injunctive relief protecting Plaintiff and the Class against Defendants 'further and future violations of RPL §275 and RPAPL §1921; (c) attorney's fees and costs, and (d) all other appropriate

legal and equitable relief and remedies for violations of RPL §275 and RPAPL §1921.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(d)(2)(A), as modified by the Class Action Fairness Act of 2005, because at least one member of the Class, as defined below, is a citizen of a different state than CITIBANK, there are more than 100 members of the Class, and the aggregate amount in controversy exceeds $5,000,000 exclusive of interest and costs.

4. This Court has personal jurisdiction over CITIBANK, which is authorized to do business in New York, maintains offices and employees in New York and this District, maintains continuous and systemic contacts with New York and this District, conducts business in New York and this District specifically related to the claims alleged in this Complaint and has sufficient minimum contacts with New York so as to render the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

5. Venue is proper in this District under 28 U.S.C. §1391.

## THE PARTIES

6. Plaintiff is a citizen and resident of City of Yonkers, Westchester County and State of New York.

7. Defendant, CITIBANK, is a national banking association with a charter address and main office located at 5800 S Corporate Place, Sioux Falls, South Dakota 57108.

8.  "[F]or purposes of subject matter jurisdiction, a national bank is a citizen only of the state in which its main office is located" (*Onewest Bank, N.A. v. Melina*, 827 F.3d 214, 216 [2d Cir. 2016]). The Supreme Court "has held unequivocally that a national bank is 'located,' for diversity jurisdiction purposes, in the state designated in its articles of association as the locus of its main office—not in every state in which it has branch offices" (Id. at 218 (citing *Wachovia Bank v. Schmidt*, 546 U.S. 303, 307 [2006]; see also 28 U.S.C. § 1348).

## STATEMENT OF FACTS

9.  CITIBANK held a mortgage on Plaintiff's home located at 903 Pondside Dr., White Plains, NY 10607.

10. The mortgage, dated June 30, 1999, and made by Plaintiff to CITIBANK in the principal sum of $ 200,900.00, was recorded on November 5, 1999, in Liber 26331, page 1 in the Office of the County Clerk, Westchester County.

11. CITIBANK failed to present a certificate of discharge for recording within thirty (30) days of the date upon which the full amount of principal and interest was aid/discharged/released on Plaintiff's loan.

13. In connection with the subject mortgage, CITIBANK failed to file a Satisfaction of Mortgage in compliance with RPL §275 and RPAPL §1921.

14. Plaintiff had no actual or constructive notice of CITIBANK'S violation of RPL §275 and RPAPL §1921, until September 2021.

15. Plaintiff incurred expenses, including attorney's fees, to compel CITIBANK to execute and to file a Satisfaction of Mortgages in compliance with RPL §275 and RPAPL §1921.

16. CITIBANK caused a Satisfaction of Mortgage to be filed in October 2021 (Exhibit A).

17. Plaintiff alleges claims under the RPL §275 and RPAPL §1921 on behalf of herself and the Class.

18. The New York Legislature has determined that failure by mortgagees, such as CITIBANK to clear and quiet titles within the deadlines required by RPL §275 and RPAPL §1921 causes both tangible and intangible, actual, concrete, and injuries to aggrieved mortgagors like Plaintiff and the Class. The failure to timely present a mortgage satisfaction can also frustrate landowners who need a marketable title to complete a property sale.

19. To address mortgage lenders' failure to file mortgage satisfactions in a timely manner, the New York Legislature amended RPL §275 and RPAPL §1921 in 2005 to impose progressively higher damages to for violations of the statutes by mortgagees in favor of mortgagors where the mortgage satisfaction is not presented for recording within 30 days. The statutory damages are to $500.00 after thirty (30) days, $1,000.00 after sixty (60) days, and $1,500.00 after ninety (90) days under each statute.

20. By failing to file a valid and statutorily compliant satisfaction of mortgage with the Westchester County Clerk within ninety (90) days, CITIBANK violated

RPL §275 and RPAPL §1921 causing injury to Plaintiff, redressable by the statutory damages set forth in RPL §275 and RPAPL §1921.

21. Upon information and belief, CITIBANK has failed to timely file mortgage satisfactions in thousands of instances throughout New York State, resulting in class wide violations of RPL §275 and RPAPL §1921.

## CLASS ACTION ALLEGATIONS

22. Plaintiff brings this action pursuant to FED. R. CIV. P. 23(a) and 23(b)(2) on behalf of herself and a Class defined as follows:

> All persons who were the mortgagor party to a mortgage for which CITIBANK was a mortgagee/assignee/ successor in interest that was secured by real property located in New York State and for which the authorized principal, interest and any other amounts due or otherwise owed by law was actually made or discharged after January 1, 2006, but CITIBANK failed to present a certificate of discharge or satisfaction of mortgage within thirty (30) days to the recording officer of the county in New York where the mortgage was recorded.

23. Excluded from the Class are CITIBANK officers, directors, employees, partners, and co-venturers, federal, state, or local governmental entities, any judicial officer presiding over this action and the members of his/her immediate family and judicial staff, and any juror assigned to this action.

24. While Plaintiff does not know the exact size or identities of the Class, the size of the Class is reasonably believed to contain many thousands of individuals whose identities can be readily ascertained from CITIBANK'S books and records and the property records maintained by the county clerk's offices.

25.  There are questions of law or fact common to the Class which predominate over any questions affecting only individual members, including:

(a)  whether CITIBANK failed to timely present certificates of discharge or satisfactions of mortgages;

(b)  whether CITIBANK violated RPL §275;

(c)  whether CITIBANK violated RPAPL §1921; and

(d)  Whether Plaintiff and the Class are entitled to damages and/or injunctive relief as a result of CITIBANK'S conduct, and the proper measure of damages and other relief.

26.  The factual and legal claims asserted by Plaintiff are typical of the claims of the members of the Class.

27.  Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained able counsel with extensive experience in consumer practices as well as in class action litigation.

28.  The interests of Plaintiff are coincident with, and not antagonistic to, the interests of the other Class members.

29.  The questions of law and fact common to the members of the Class predominate over any questions affecting only individual members, including legal and factual issues relating to liability and damages.

30.  The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual Class members, create a risk of inconsistent or varying adjudications with respect to

individual Class members, which would establish incompatible standards of conduct for CITIBANK.

31. A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Since the damages suffered by individual members of the Class are relatively small, the expense and burden of individual litigation make it impossible for the members of the Class individually to redress the wrongs done to them.

32. The Class is readily definable, and prosecution of this action as a class action will eliminate the possibility of repetitious litigation. The Court will encounter no difficulty in managing this action as a class action.

33. CITIBANK has acted on grounds that apply generally to the Class; namely failing to ensure that satisfactions of mortgages are timely presented.

## INJURY AND DAMAGES

34. In *Maddox v. Bank of N.Y. Mellon Trust Co., N.A.*, 997 F.3d 436, the Second Circuit recently held that individuals have Article III standing to seek statutory damages for a bank's violation of Real Property Law (RPL) §275 and New Real Property Actions and Proceedings Law (RPAPL) §1921. [collectively "New York mortgage-satisfaction-recording statutes"].

35. The New York mortgage-satisfaction-recording statutes create a "legally protected interest" and that the violation of these statutes produces a "concrete" injury regardless of whether those statutes create "substantive" or "procedural" rights.

36. CITIBANK'S delay in recording satisfactions of mortgage create a cloud on title to real estate owned by Plaintiff and the Class.

37. CITIBANK'S delay in recording satisfactions of mortgage create the false appearance that the Plaintiff and class members have not paid his/her/their debt, which can harm the mortgagor's reputation and make it difficult for him/her/it to obtain additional financing.

38. Even if the New York mortgage-satisfaction-recording statutes create only a procedural right, Plaintiff and Class members have still suffered an injury in fact because they suffered material harm: a) the delay adversely affected their credit, which made it difficult to obtain additional financing; b) it gave the false appearance that they owed a debt; and c) it created a cloud on title.

39. As a result of the concrete and particularized injuries incurred as a foreseeable, direct and proximate result of CITIBANK'S violations of RPL §275 and RPAPL §1921, Plaintiff and the Class are entitled to the damages set forth by the New York Legislature in RPL §275 and RPAPL §1921.

40. The payment of damages to Plaintiff and the Class as required by RPL §275 and RPAPL §1921 will redress the injuries incurred by Plaintiff and the Class as a direct and proximate result of CITIBANK'S violations of those statutes.

FIRST CAUSE OF ACTION
(VIOLATIONS OF RPL §275)

41. Plaintiff restates, re-alleges and incorporates by reference all the preceding paragraphs.

42. RPL §275 states:

> Whenever a mortgage upon real property is due and payable, and the full amount of principal and interest due on the mortgage is paid, a certificate of discharge of mortgage shall be given to the mortgagor or person designated by him or her, signed by the person or persons specified in section three hundred twenty-one of this chapter. The person signing the certificate shall, within thirty days thereafter, arrange to have the certificate presented for recording to the recording officer of the county where the mortgage is recorded. Failure by a mortgagee to present a certificate of discharge for recording shall result in the mortgagee being liable to the mortgagor in the amount of five hundred dollars if he or she fails to present such certificate within thirty days, shall result in the mortgagee being liable to the mortgagor in the amount of one thousand dollars if he or she fails to present a certificate of discharge for recording within sixty days and shall result in the mortgagee being liable to the mortgagor in the amount of one thousand five hundred dollars if he or she fails to present a certificate of discharge for recording within ninety days.

43. As it pertains to Plaintiff individually, CITIBANK failed to present a certificate of discharge for recording within ninety (90) days of the date upon which the full amount of principal and interest was paid/discharged/released on Plaintiff's mortgage loan.

44. CITIBANK has systematically failed to timely present certificates of discharge, as required by RPL §275.

45. By reason of the foregoing, CITIBANK has violated RPL §275 causing injury to Plaintiff and members of the Class.

46. CITIBANK is liable to Plaintiff and the other members of the Class for the statutory damages that are due for violations of RPL §275.

47. Plaintiff and members of the Class seek damages, statutory damages, an injunction, restitution, attorney's fees and costs, and all other appropriate legal and equitable relief and remedies for CITBANK'S violations of RPL §275.

## SECOND CAUSE OF ACTION
## (VIOLATIONS OF RPAPL § 1921)

48.  Plaintiff restates, re-alleges and incorporates by reference all the preceding Paragraphs.

49.  RPAPL §1921 states:

> After payment of authorized principal, interest and any other amounts due thereunder or otherwise owed by law has actually been made . . . a mortgagee of real property situate in this state, unless otherwise requested in writing by the mortgagor or the assignee of such mortgage, must execute and acknowledge before a proper officer, in like manner as to entitle a conveyance to be recorded, a satisfaction of mortgage, and thereupon within thirty days arrange to have the satisfaction of mortgage: (a) presented for recording to the recording officer of the county where the mortgage is recorded, or (b) if so requested by the mortgagor or the mortgagor's designee, to the mortgagor or the mortgagor's designee. Failure by a mortgagee to present a certificate of discharge for recording shall result in the mortgagee being liable to the mortgagor in the amount of five hundred dollars if he or she fails to present such certificate within thirty days, shall result in the mortgagee being liable to the mortgagor in the amount of one thousand dollars if he or she fails to present a certificate of discharge for recording within sixty days or shall result in the mortgagee being liable to the mortgagor in the amount of one thousand five hundred dollars if he or she fails to present a certificate of discharge for recording within ninety days.

50.  As it pertains to Plaintiff individually, CITIBANK failed to present a certificate of discharge for recording within ninety (90) days of the date upon which the full amount of principal and interest was paid/discharged/released on Plaintiff's mortgage loan.

52.  CITIBANK systematically fail to timely present certificates of discharge, as required by RPAPL §1921.

53.  By reason of the foregoing, CITIBANK has violated RPAPL §1921 causing injury to Plaintiff and members of the Class.

54. CITIBANK is liable to Plaintiff and the other members of the Class for the statutory damages that are due for violations of RPAPL §1921.

55. Plaintiff and members of the Class seek damages, statutory damages, an injunction, restitution, attorney's fees and costs, and all other appropriate legal and equitable relief and remedies for CITIBANK'S violations of RPAPL §1921.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for judgment against CITIBANK, as follows:

A. An order certifying this case as a class action under FED. R. CIV. P. 23(a), (b)(2) and (b)(3) and appointing Plaintiff and his counsel to represent the Class.

B. On Plaintiff's First Cause of Action, awarding judgment against CITIBANK and ordering the payment of statutory damages that Plaintiff and the other members of the Class are due as a result of CITIBANK'S violations of RPL §275.

C. On Plaintiff's First Cause of Action, awarding judgment against CITIBANK and ordering the payment of actual compensatory damages that Plaintiff and the other members of the Class are entitled as a result of CITIBANK'S violations of RPL §275.

D. On Plaintiff's' Second Cause of Action, awarding judgment against CITIBANK and ordering the payment of statutory damages that Plaintiff and the other members of the Class are due as result of CITIBANK'S violations of RPAPL §1921.

E.  On Plaintiff's' Second Cause of Action, awarding judgment against CITIBANK and ordering the payment of actual compensatory damages that Plaintiff and the other members of the Class are entitled as result of CITIBANK'S violations of RPAPL §1921;

F.  Entering a permanent injunction enjoining CITIBANK'S continuing and future violations of RPL §275 and RPAPL §1921;

G.  Awarding Plaintiff and the Class costs and attorneys' fees; and

H.  Awarding Plaintiff and the Class such other and further relief as this Court deems just and proper.

Dated: October 13, 2021

BLAU LEONARD LAW GROUP, LLC

_____
Steven Bennett Blau
Shelly A. Leonard
23 Green Street, Suite 105
Huntington, New York 11743
(631) 458-1010
sblau@blauleonardlaw.com
sleonard@blauleonardlaw.com

*Attorneys for Plaintiff*

# EXHIBIT "A"

Return By Mail To:
CitiMortgage, Inc.
C/O Nationwide Title Clearing, Inc.
2100 Alt. 19 North
Palm Harbor, FL 34683

**Loan Number 9579400186**

## SATISFACTION OF MORTGAGE

**KNOW ALL MEN BY THESE PRESENTS**, that **CITIBANK, NA** having its principal place of business at:

1000 TECHNOLOGY DRIVE, O'FALLON, MO 63368
Does hereby proclaim that the following Mortgage(s) is(are) paid, and does hereby consent that the same be discharged of record.

Mortgage dated 06/30/1999, made by **DAVID CHON AND KIOK CHON** (Borrower/s) to **CITIBANK N.A** (Mortgagee) in the principal sum of $200,900.00 and recorded on 11/05/1999 as **Liber 26331 and Page 1**, in the Office of the Clerk of **WESTCHESTER** County, **NEW YORK**.
This mortgage(s) has not been assigned of record.
Property address: 903 PONDSIDE DRIVE
WHITE PLAINS, NY 10607

Dated this 22nd day of September in the year 2021
**CITIBANK, NA**

By: _/s/ Michael Paneitz_
**Michael Paneitz**
**ASSISTANT VICE PRESIDENT**

STATE OF MISSOURI   COUNTY OF ST. CHARLES
Before me, this 22nd day of September in the year 2021, the undersigned, personally appeared Michael Paneitz as ASSISTANT VICE PRESIDENT for CITIBANK, NA, personally known to me or proved to me on the basis of satisfactory evidence to be the individual(s) whose name(s) is (are) subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on the instrument, the individual(s), or the person upon behalf of which the individual(s) acted, executed the instrument.

_/s/ Arlene Schulte_
Arlene Schulte
Notary Public - STATE OF MISSOURI
Commission expires: 10/25/2024

ARLENE SCHULTE
Notary Public, Notary Seal
State of Missouri
St. Charles County
Commission # 20066032
My Commission Expires 10-25-2024

Document Prepared By: Tyler Alcorn, CitiMortgage, Inc., 1000 Technology Drive, O'Fallon, MO 63366
1-800-283-7918
CMRPD 427722167 TCS $50.50 T222109-08:38:11 [C-1] RCNNY1

*D0084594476*

The Office of the Westchester County Clerk: This page is part of the instrument; the County Clerk will rely on the information provided on this page for purposes of indexing this instrument. To the best of submitter's knowledge, the information contained on this Recording and Endorsement Cover Page is consistent with the information contained in the attached document.



*612663112STM001S*

## Westchester County Recording & Endorsement Page

### Submitter Information

| | | | |
|---|---|---|---|
| Name: | Nationwide Title Clearing Inc. | Phone: | (727) 771-4000 |
| Address 1: | 2100 Alt 19 | Fax: | (555) 555-5555 |
| Address 2: | | Email: | amanda_wysocki@nwtc.com |
| City/State/Zip: | Palm Harbor FL 34683 | Reference for Submitter: | 6190582-Nationwide Title Clearing Inc. |

### Document Details

| | | | |
|---|---|---|---|
| Control Number: | 612663112 | Document Type: | Satisfaction of Mortgage (STM) |
| Package ID: | 2021092300085001001 | Document Page Count: 1 | Total Page Count: 2 |

### Parties

☐ Additional Parties on Continuation page

**1st PARTY**
1: CHON DAVID - Individual
2: CHON KIOK - Individual

**2nd PARTY**
1: CITIBANK N A - Other
2:

### Property

☐ Additional Properties on Continuation page

Street Address:
City/Town:
Tax Designation:
Village:

### Cross-References

☐ Additional Cross-Refs on Continuation page

1: 26331/00001    2:    3:    4:

### Supporting Documents

#### Recording Fees

| | |
|---|---|
| Statutory Recording Fee: | $40.00 |
| Page Fee: | $10.00 |
| Cross-Reference Fee: | $0.50 |
| Mortgage Affidavit Filing Fee: | $0.00 |
| RP-5217 Filing Fee: | $0.00 |
| TP-584 Filing Fee: | $0.00 |
| RPL 291 Notice Fee: | $0.00 |
| **Total Recording Fees Paid:** | **$50.50** |

#### Transfer Taxes

| | |
|---|---|
| Consideration: | $0.00 |
| Transfer Tax: | $0.00 |
| Mansion Tax: | $0.00 |
| Transfer Tax Number: | |

#### Mortgage Taxes

| | |
|---|---|
| Document Date: | |
| Mortgage Amount: | |
| Basic: | $0.00 |
| Westchester: | $0.00 |
| Additional: | $0.00 |
| MTA: | $0.00 |
| Special: | $0.00 |
| Yonkers: | $0.00 |
| **Total Mortgage Tax:** | **$0.00** |
| Dwelling Type: | Exempt: ☐ |
| Serial #: | |

RECORDED IN THE OFFICE OF THE WESTCHESTER COUNTY CLERK

Recorded: 09/23/2021 at 02:42 PM
Control Number: 612663112
Witness my hand and official seal

Timothy C. Idoni
Westchester County Clerk

### Record and Return To

☐ Pick-up at County Clerk's office

CitiMortgage, Inc.
C/O Nationwide Title Clearing, Inc. 2100 Alt. 19 North
Palm Harbor, FL 34683

DEMAND FOR PRESERVATION

PLEASE TAKE NOTICE that CITIBANK, N.A. is under a legal duty to maintain, preserve, retain, protect, and not destroy any and all evidence, documents and data, both electronic and hard copy, and/or tangible items pertaining or relevant to property discoverable regarding to all of the claims made in this litigation.

This notice applies to CITIBANK, N.A.'s on- and off-site computer systems and removable electronic media, plus all computer systems, services, and devices (including all remote access and wireless devices) used for your overall operation. This includes, but is not limited to, e-mail and other electronic communications; electronically stored documents, records, images, graphics, recordings, spreadsheets, databases; calendars, system usage logs, contact manager information, telephone logs, internet usage files, deleted files, cache files, user information, and other data.  Further, this notice applies to archives, backup and disaster recovery tapes, discs, drives, cartridges, voicemail and other data.  All operating systems, software, applications, hardware, operating manuals, codes keys and other support information needed to fully search, use, and access the electronically stored information.

Electronically stored information (hereinafter "ESI") should be afforded the broadest possible definition and includes (by way of example and not as an exclusive list) potentially relevant information electronically, magnetically or optically stored as:

- Digital communications (e.g., e-mail, voice mail, instant messaging);
- Word processed documents (e.g., Word or WordPerfect documents and drafts);
- Spreadsheets and tables (e.g., Excel or Lotus 123 worksheets);
- Accounting Application Data (e.g., QuickBooks, Money, Peachtree data files);
- Image and Facsimile Files (e.g., .PDF, .TIFF, .JPG, .GIF images);
- Sound Recordings (e.g., .WAV and .MP3 files);
- Video and Animation (e.g., .AVI and .MOV files);
- Databases (e.g., Access, Oracle, SQL Server data, SAP);
- Contact and Relationship Management Data (e.g., Outlook, ACT!);
- Calendar and Diary Application Data (e.g., Outlook PST, Yahoo, blog tools);

- Online Access Data (e.g., Temporary Internet Files, History, Cookies);
- Presentations (e.g., PowerPoint, Corel Presentations)
- Network Access and Server Activity Logs;
- Project Management Application Data;
- Computer Aided Design/Drawing Files; and,
- Back Up and Archival Files (e.g., Zip, .GHO)

You are directed to immediately initiate a litigation hold for potentially relevant ESI, documents and tangible things, and to act diligently and in good faith to secure and audit compliance with such litigation hold. You are further directed to immediately identify and modify or suspend features of your information systems and devices that, in routine operation, operate to cause the loss of potentially relevant ESI. Examples of such features and operations include:

- Purging the contents of e-mail repositories by age, capacity or other criteria;
- Using data or media wiping, disposal, erasure or encryption utilities or devices;
- Overwriting, erasing, destroying or discarding back up media;
- Re-assigning, re-imaging or disposing of systems, servers, devices or media;
- Running antivirus or other programs effecting wholesale metadata alteration;
- Releasing or purging online storage repositories;
- Using metadata stripper utilities;
- Disabling server or IM logging; and,
- Executing drive or file defragmentation or compression programs.

In order to assure that your obligation to preserve documents and things will be met, please forward a copy of this letter to any and all persons and entities with custodial responsibilities for the items referred to herein. Notify all individuals and affiliated organizations of the need and duty to take the necessary affirmatives steps to comply with the duty to preserve evidence.

Specifically, you are instructed not to destroy, disable, erase, encrypt, alter, or otherwise make unavailable any electronic data and/or evidence relevant to potential claims and to take reasonable efforts to preserve such data and/or evidence.